Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001068
26-JUN-2013
11:01 AM

NO. CAAP-12-0001068

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE SIERRA CLUB and SENATOR CLAYTON HEE,
Intervenors/Appellants/Appellees,
and
FRIENDS OF MAKAKILO,
Intervenor/Cross-Appellant/Appellant,
v.
D.R. HORTON-SCHULER HOMES, LLC,
Petitioner/Appellee/Appellee,
and
LAND USE COMMISSION, STATE OF HAWAI'I,
Agency/Appellee/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2000-07)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Upon review of the record in this case, it appears that we lack jurisdiction over the appeal that Intervenor/Cross-Appellant/Appellant Friends of Makakilo (Appellant FOM) has asserted from the Honorable Rhonda A. Nishimura's November 9,

2012 dismissal order because the circuit court has not reduced the said order to a separate judgment, as Rules 58 and 72(k) of the Hawai'i Rules of Civil Procedure (HRCP) require in an administrative appeal from a circuit court pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 2012).

"Review of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (2012 Repl.). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2012). Under HRS § 641-1(a), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." <u>Alford v. City and Count of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005)

(citation omitted). For example, the Supreme Court of Hawai'i has held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). Additionally, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis in original).

Although the instant case involves an administrative appeal, HRCP Rule 72(k)[1] similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). The requirement of a separate judgment and requirement that the judgment resolve all claims or provide the necessary finding for certification under HRCP Rule 54(b) under the holding in Jenkins

---

[1] Rule 81(e) of the Hawai'i Rules of Civil Procedure (HRCP) requires that the Hawai'i Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

v. Cades Schutte Fleming & Wright applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. See, e.g., Raquinio v. Nakanelua, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Therefore, where a circuit court failed to reduce dispositive orders in an administrative appeal to a separate judgment, we dismissed the appeal for lack of jurisdiction:

> In Raquinio's case, the requirements of HRCP Rules 58 and 72(k) and Jenkins apply and have not been satisfied. Therefore, Raquinio's appeal is premature, and we do not have appellate jurisdiction.
> Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

Id.

Likewise in the instant administrative appeal, the requirements of HRCP Rule 58, HRCP Rule 72(k) and Jenkins v. Cades Schutte Fleming & Wright apply, and yet the requirements for appealability have not been satisfied because the November 9, 2012 dismissal order has not been reduced to a separate judgment that, on its face, resolves all claims in this case by either entering judgment in favor of and against the appropriate parties or that contains the appropriate finding and certification under HRCP Rule 54(b). On April 19, 2013, the record on appeal for appellate court case number CAAP-12-0001068 was filed, by which time the circuit court had not entered an appropriate separate judgment in this case. Therefore, the November 9, 2012 dismissal

order is not an appealable judgment. Although exceptions to the final order requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine) and the collateral order doctrine, the November 9, 2012 order does not satisfy the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine). Absent an appealable judgment, FOM's appeal is premature, and we lack jurisdiction over this appeal. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0001068 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 26, 2013.

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Lawrence M Reifurth
Associate Judge